IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,700






EX PARTE JOHN ROBERT CROSS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27,063-361 IN THE 361ST DISTRICT COURT


FROM BRAZOS COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and
sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends that he is being denied street time credit for which he is entitled. 
Applicant alleges that he was erroneously released from the Texas Department of Criminal Justice
(TDCJ) and was on mandatory supervision for approximately five months, when the parole division
realized its mistake and issued a warrant for his arrest due to their erroneous release. In Ex Parte
Hale, 117 S.W.3d 866, 873, we held that the statute that applies to those released erroneously from
TDCJ is the statute that would apply to prisoners who were correctly released on mandatory
supervision at the time Applicant had been released. Applicant had not violated the conditions of 
his release at the time his mandatory supervision was rescinded. 

 We find, therefore, that applicant is entitled to jail time credit for the time from the date he
was erroneously released to mandatory supervision until the date he was returned to the custody of
the Texas Department of Criminal Justice. Copies of this opinion shall be sent to the Texas
Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: June 13, 2007

Do Not Publish